T. P. Tisdale *v.* Bark H. W. Almy, Elisha Freeman, Master.

## SUPREME COURT—IN BANCO.

### JULY TERM, 1882—IN ADMIRALTY.

*Judd, C. J., McCully and Austin, J. J.*

## T. P. TISDALE *vs.* BARK H. W. ALMY, ELISHA. FREEMAN, MASTER.

IN A LIBEL AGAINST A VESSEL trading between the ports of Hono-- lulu and San Francisco, the master was represented by counsel and left port having given a bond to respond to the judgment. Judgment was rendered while the vessel was away, the attorney of the master having notice and no appeal was perfected in ten days after judgment ;

HELD, respondent was not allowed ten days after his return to port to complete his appeal. Notice to attorney is notice to client.

Opinion of the Court by JUDD, C. J.

This was a libel in Admiralty heard by Mr. Justice AUSTIN.

The vessel attached in this case was a trader running between this port and San Francisco. After hearing the case the learned Justice took time to consider it, and rendered his decision on the 30th of May last. The vessel was absent on another voyage, having been released by her master's giving a bond to respond to the judgment. On the return of the vessel an appeal was perfected by paying the costs on the 10th of July.

The motion is made to vacate the appeal as not being completed within the ten days as required by the statute and rules of Court.

It is contended that the respondent should be allowed ten days after his return to this port to complete his appeal. We do not think so. He was represented by counsel in this matter and ought to have instructed them, in case an adverse

decision was made in his absence to appeal if he so desired. He should have contemplated and provided for this contingency. Notice to an attorney is notice to his client, and any relaxation of this rule would lead to great embarrassment to opposing litigants and to the Court.

The appeal is dismissed.

Davidson and Hatch for plaintiff.

Dole and Castle for respondent.

Honolulu, August 14, 1882.